1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8   MITCHELL SAMBERG,                          CASE NO. C25-0841-KKE

9                      Plaintiff(s),            REMAND ORDER
         v.
10  MARTA D. LYALL,

11                     Defendant(s).

12

13      In two previous actions before this district court, litigant Marta D. Lyall attempted to

14  remove and consolidate two King County Superior Court cases (case numbers 23-2-23943-1 and

    24-2-02128-1). *See Truman Cap. Holdings LLC v. Lyall*, No. 2:24-cv-01425-JNW (W.D. Wash.

15  Sept. 9, 2024) ("*Truman Capital I*"); *Truman Cap. Holdings LLC v. Lyall*, No. 2:25-cv-00357-

16  JNW (W.D. Wash. Feb. 25, 2024) ("*Truman Capital II*").  In both cases, the Court found that it

17  lacked subject-matter jurisdiction and remanded the actions to King County Superior Court.

18  *Truman Capital I*, No. 2:24-cv-01425-JNW, Dkt. Nos. 9, 10; *Truman Capital II*, No. 2:25-cv-

19  00357-JNW, Dkt. Nos. 17, 18.

20      Once again, Lyall attempts to remove the same King County cases to federal court.  Dkt.

21  No. 1.  The Court's conclusion remains the same.  The Court lacks subject matter jurisdiction over

22  the state cases at issue, and thus, must remand these cases to King County Superior Court.

23

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## I.    BACKGROUND

On May 6, 2025, Lyall attempted to remove two state cases to this Court.  Dkt. No. 1-2 at 1 (referencing case numbers 23-2-23943-1 and 24-2-02128-1).  Lyall claims that removal is proper due to new violations of federal law since March 25, 2025.  *Id.* at 2.  Lyall is the plaintiff in case number 23-2-23943-1.  Case number 24-2-02128-1 is an action for an unlawful detainer, in which Lyall is the defendant.  The plaintiff in that case has not asserted any federal claims.

## II.    ANALYSIS

**A.    The Court Lacks Subject-Matter Jurisdiction.**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a removed case], the case shall be remanded."  28 U.S.C. § 1447(c).  The Court does not need to wait for any party to raise jurisdictional issues; it is required to examine jurisdiction on its own accord.  *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002); *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Lyall's latest request to remove her state-law cases fails for the same reasons as before: the Court lacks subject matter jurisdiction over case numbers 23-2-23943-1 and 24-2-02128-1.  The Court lacks jurisdiction over case number 23-2-23943-1 because Lyall is the plaintiff in that case, and thus does not have the right to remove this case to federal court.  *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 382 (9th Cir. 1972); *see also Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants.").  This restriction applies even if the defendant in case number 23-2-23943-1 later asserts a countersuit that could state a claim in federal court.  *Oregon Egg Producers*, 458 F.2d at 382.

1    The Court also lacks jurisdiction over case number 24-2-02128-1 even though Lyall is the

2    defendant in that suit because this action involves an eviction proceeding arising from Washington

3    law. Therefore, the Court does not have federal question jurisdiction over this case. *See* 28 U.S.C.

4    § 1331. And because the parties are not diverse, the Court also lacks diversity jurisdiction here.

5    *See* 28 U.S.C. § 1332.

6    Moreover, Lyall cannot establish federal question jurisdiction in case number 24-2-02128-

7    1. For purposes of removal, federal question jurisdiction is determined by reference to the

8    complaint. *See Am. Int'l*, 843 F.2d at 1260; *Wells Fargo Bank, N.A. v. Robinson*, No. 23-CV-

9    06135-JSC, 2024 WL 646351, at *3 (N.D. Cal. Feb. 15, 2024) (citing *Holmes Grp., Inc. v. Vornado*

10   *Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002)). Lyall did not attach the state court complaint

11   with her notice of removal; instead, she attempts to make new allegations regarding violations of

12   federal law. *See* Dkt. No. 1; 28 U.S.C. § 1447(b). Regardless, the Court has reviewed the

13   complaint and proceedings in case number 24-2-02128-1. The plaintiff there did not assert federal

14   claims, rather, the operative complaint proceeds on state-law claims alone. Even if Lyall asserts

15   counterclaims arising from federal law in case number 24-2-02128-1 or here in the notice of

16   removal, federal question jurisdiction cannot be premised on an anticipated or actual counterclaim.

17   *See Am. Int'l*, 843 F.2d at 1260; *Wells Fargo*, 2024 WL 646351, at *3. As a result, the Court lacks

18   jurisdiction over case number 24-2-02128-1.

19   Thus, for the same reasons the Court explained in *Truman Capital I* and *II*, the Court finds

20   that it lacks subject matter jurisdiction. Because the Court cannot exercise removal jurisdiction, it

21   must remand this action to state court. 28 U.S.C. § 1447(c).

22   **B.    Future Frivolous Filings May Result in Sanctions.**

23   This is Lyall's third attempt to remove her state cases to federal court, despite the Court's

24   repeated explanations as to why she cannot litigate her claims here. Although Lyall brings these

motions *pro se*, she remains bound by the Federal Rules of Civil Procedure, just like any other litigant. *See* Fed. R. Civ. P. 11(a) (expressly providing that it applies to unrepresented parties). By signing a motion, an unrepresented party certifies to the Court that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

The Court cautions Lyall that her repeated removal motions appear to violate this rule. Rule 11(c)(1) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any … party that violated the rule." Fed. R. Civ. P. 11(c)(1). The sanction should "be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," and may include "nonmonetary directives" or "an order to pay a penalty into court." Fed. R. Civ. P. 11(c)(4). Thus, the Court must advise Lyall that if she continues to file frivolous motions, the Court may consider such sanctions in the future.

### III.  CONCLUSION

The Court FINDS that it lacks removal jurisdiction over this action and thus, REMANDS this action to King County Superior Court. The Court DIRECTS the Clerk to enter judgment and close this case. The Court further DIRECTS the Clerk to send copies of this order and the Court's judgment to the parties. The Clerk may use contact information contained in the docket to ensure that all parties in the state-court actions receive notice of this order and the Court's judgment.

Dated this 24th day of July, 2025.

Kymberly K. Evanson
United States District Judge